UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
SAMUEL PHILBRICK et al.,           )
         Plaintiffs,               )
                                   )
v.                                 )    Civil Action No. 1:19-CV-00773 (JEB)
                                   )
ALEX M. AZAR et al.,               )
         Defendants.               **)**
_____**)**

# UNOPPOSED MOTION OF THE NEW HAMPSHIRE DEPARTMENT OF HEALTH AND HUMAN SERVICES TO INTERVENE AS DEFENDANT AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rules of Civil Procedure 24(a) and (b), and LCvR 7(a), the New Hampshire Department of Health and Human Services ("NH DHHS") moves to intervene as a defendant to defend the approval of its Section 1115 Medicaid Demonstration Waiver. The parties do not oppose this motion.

The plaintiffs are New Hampshire residents challenging the United States Secretary of Health and Human Services' approval of New Hampshire's Section 1115 Medicaid Demonstration Waiver, which the New Hampshire legislature originally authorized in 2016. H.B. 1696, 2016 Leg., Reg. Sess. (N.H. 2016). Although the action challenges New Hampshire's Medicaid program, the plaintiffs have named only federal defendants. Accordingly, the NH DHHS, the single state agency designated to operate New Hampshire's Medicaid program and the awardee of the waiver challenged in this action, requests leave to intervene, either as of right or permissively, in this matter to defend New Hampshire's Section 1115 Medicaid Demonstration Waiver.

1

**I.   The NH DHHS is entitled to intervene as of right under Fed. R. Civ. P. 24(a).**

Federal Rule of Civil Procedure 24(a) sets forth the circumstances in which a party may intervene as a matter of right.  The D.C. Circuit Court of Appeals has "identified four prerequisites to intervene as of right:  '(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests.'"  *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting *SEC v. Prudential Sec., Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998)).

**A.  New Hampshire's motion is timely.**

In determining whether a motion to intervene is timely, courts "especially weigh[] the factors of time elapsed since the inception of the suit . . . and the probability of prejudice to those already parties in the case."  *Id*. at 886 (internal quotation marks omitted) (quoting *United States v. British Am. Tobacco Australia Servs., Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006)).  The NH DHHS is filing this motion approximately one month after the plaintiffs filed this action, *see* ECF Doc. No. 1 (filed March 20, 2019), and within nine days of the Court's April 16, 2019 Minute Order adopting the parties' joint briefing schedule in this case.  The parties' Joint Motion Regarding Proposed Briefing Schedule (ECF Doc. No. 11) also contains an agreement to stay the obligation to Answer the Complaint until resolution of the motions set for briefing.

Courts have held that motions to intervene filed before an Answer is due (in this case, 60 days after the filing of the complaint, *see* Fed. R. Civ. P. 12(a)(2)) are timely.  *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (finding the intervenor's motion was timely, given it was filed before the defendants filed their answer); *see also Cayuga Nation v. Zinke*, 324 F.R.D. 277, 282 (D.D.C. 2018); *Audubon Society of Portland v. Jewell*, No. 1:17-CV-

00069-CL, 2017 WL 9471665, at *2 (D. Ore., March 27, 2017) ("Here, intervenors filed their motion in a timely manner; intervenors' motion was filed before federal defendants filed an answer or response of any kind . . . ."); *Associated Dog Clubs of N.Y. State v. Vilsack*, 44 F. Supp. 3d 1, 5–6 (D.D.C. 2014) (ruling the motion to intervene was "clearly timely" as it was filed two weeks after the complaint was filed); *Air Conditioning Trade Ass'n v. Baker*, No. CIV S-12-132, 2012 WL 3205422, at *3 (E.D. Cal. 2012) (ruling motion to intervene was timely filed as it was filed before defendants answered).

Given the stay of the Answer deadline, and the fact that the deadlines outlined in the briefing schedule have not yet come to pass, the NH DHHS's motion is timely filed.

### B. The NH DHHS has a legally protected interest in this action.

The plaintiffs have challenged the federal defendants' approval of New Hampshire's Section 1115 Medicaid Demonstration Waiver. Among other things, the plaintiffs request that this Court declare the defendants' approval of New Hampshire's Section 1115 Medicaid Demonstration Waiver unlawful and "[e]njoin Defendants from implementing the practices purportedly authorized by the January 11, 2018 State Medicaid Letter and the Granite Advantage Approval." ECF Doc. No. 1 at 45-46. However, the NH DHHS—not the federal defendants—"implement[s] the practices" authorized by New Hampshire's Section 1115 Medicaid Demonstration Waiver. In order for the plaintiffs to obtain the relief they seek, the NH DHHS therefore must be joined as a party. *See* Fed. R. Civ. P. 19(a)(1)(A) (stating a person is required to be joined as a party if "in that person's absence, the court cannot accord complete relief among existing parties").

Even if the NH DHHS's participation in this matter were not necessary to grant the plaintiffs the relief they seek, the NH DHHS still has a sufficient legally protected interest to

justify intervention as of right.  This action threatens New Hampshire's Section 1115 Medicaid Demonstration Waiver.  Through its intervention, the NH DHHS seeks to defend New Hampshire's Section 1115 Medicaid Demonstration Waiver from invalidation.  Indeed, this Court has twice allowed a State to intervene in an action challenging the federal government's approval of that State's Section 1115 Medicaid Demonstration Waiver.  *Gresham v. Azar*, Civil Docket No. 1:18-CV-01900-JEB (D.D.C. Sept. 6, 2018) (granting Arkansas's unopposed motion to intervene); *Stewart v. Azar*, Civil Docket No. 1:18-CV-152-JEB (D.D.C. March 30, 2018) (granting Kentucky's unopposed motion to intervene); *see also Sierra Club v. Glickman*, 82 F.3d 106, 109 (5th Cir. 1996) (finding intervention justified because the action threatened the intervenors contracts with the government); *WildEarth Guardians v. Jewell*, 320 F.R.D. 1, 4 (D.D.C. 2017) (finding a sufficient interest to intervene as of right where the state "worked with the [responsible federal agency] in developing the regulatory framework under which the leases occurred").

Additionally, at least one court of appeals has ruled that, where the intervenor is the "real target" of the action, intervention must be allowed as of right.  *Conservation Law Foundation of New England, Inc. v. Mosbacher*, 966 F.2d 39, 43 (1st Cir. 1992) (allowing commercial fishing groups to intervene as of right in an action against the United States Department of Commerce, because the groups "are the real targets of the suit and are the subjects of the regulatory plan").

Here, the NH DHHS the "real target" of this action.  It implements New Hampshire's Section 1115 Medicaid Demonstration Waiver.  It is the awardee of the Section 1115 Medicaid Demonstration Waiver.  Accordingly, the NH DHHS has a legally protected interest in this action and should be allowed to intervene.

**C. This action threatens to impair the NH DHHS's interest.**

The third factor in determining whether to allow intervention as a matter of right is whether the action threatens to impair the legally protected interest of the intervenor. *Karsner*, 532 F.3d at 885. That factor is satisfied here. The NH DHHS's legally protected interest in this action is in continuing to operate its Medicaid plan in the manner dictated by state law. The NH DHHS secured a Section 1115 Medicaid Demonstration Waiver from the defendants to do that. Exhibit A (attached hereto). Specifically, the New Hampshire Granite Advantage Health Care Program 1115 Demonstration waiver (No. 11-W-00298/1) did two things relevant to this lawsuit. First, it waived retroactive Medicaid eligibility coverage so that the State would not have to provide coverage for any month prior to the month in which an affected beneficiary's Medicaid application is filed, as specified in the waiver's special terms and conditions. *Id.* at 1. This part of the waiver has been in effect in New Hampshire since January 1, 2019. Second, the waiver enables New Hampshire to require community engagement as a condition of eligibility in the Medicaid program, as described in the waiver's special terms and conditions.[1] *Id.* Thus, this action threatens to impair important public policies that the NH DHHS has the obligation under federal and state law to implement. The NH DHHS therefore should be permitted to intervene.

**D. New Hampshire's interests are not adequately represented by the parties.**

To intervene as of right, the intervenor must show that the existing parties do not adequately represent its interests. *See Karsner*, 532 F.3d at 885. This "requirement of . . . Rule [24(a)] is satisfied if the applicant shows that representation of his interest may be inadequate; and the burden of making that showing should be treated as minimal.'" *Fund for Animals*, 322

---

[1] While New Hampshire's waiver references transitioning Medicaid beneficiaries to the state's Medicaid Care Management ("MCM") delivery system, and enrolling non-exempt Medicaid beneficiaries into managed care organizations ("MCOs"), effective January 1, 2019, another state plan amendment and federally-approved Section 1915(b) waiver govern those transitions. *See* Ex. A at 3.

5

F.3d at 735 (internal quotation marks omitted); *see also Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 321 (D.C. Cir. 2015) ("A movant 'ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation.'"). A movant need only show representation of its interest "may be" inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

Although the federal defendants and the NH DHHS have shared interests, only the NH DHHS can adequately represent New Hampshire's interests in this action. Unlike the federal defendants' interests, the NH DHHS's interest in this action is in defending New Hampshire's particular demonstration project, not the federal defendants' policies regarding Medicaid work requirements as a whole. As courts have recognized, the federal defendants "have an obligation to represent the interests of the entire country," not just the interests of a particular state; thus the interests of the federal defendants and the interests of New Hampshire may diverge. *Atl. Sea Island Grp. LLC v. Connaughton*, 592 F. Supp. 2d 1, 7 (D.D.C. 2008). Indeed, numerous cases in this circuit have allowed intervention by states when the federal government was already a party. *See, e.g.*, *Guardians v. U.S. Bureau of Land Mgmt.*, 12-0708, 2012 WL 12870488 (D.D.C. 2012); *WildEarth Guardians*, 320 F.R.D. 1, 5 (D.D.C. 2017) (holding "the Federal Defendants do not adequately represent the interest of Wyoming, Colorado, or Utah"); *Akiachak Native Cmty. v. U.S. Dept. of Interior*, 584 F. Supp. 2d 1, 7 (D.D.C. 2008) (holding the federal defendants "have no clear interest in protecting Alaska's sovereignty or Alaska's interest"); *see also*, *e.g.*, *County of San Miguel, Colo. v. MacDonald*, 244 F.R.D. 36, 48 (D.D.C. 2007) ("The District of Columbia Circuit has 'often concluded that governmental entities do not adequately represent the interest of aspiring intervenors.'").

Here, while both the defendants and the NH DHHS seek to defend the defendants' approval of New Hampshire's Section 1115 Medicaid Demonstration Waiver, only the NH DHHS can defend and advocate the state-specific interests that motivated it to adopt the waiver requirements, speak to implementation of those requirements in New Hampshire, and explain how the project interconnects with other aspects of New Hampshire's Medicaid Program. New Hampshire may also distinguish itself and its Section 1115 Medicaid Demonstration Waiver from the projects of other states, or distinguish the defendants' approval of its project and their approval of others, while the federal defendants choose to defend Medicaid policies regarding community engagement requirements generally. Accordingly, New Hampshire's interests may not be adequately represented by the federal defendants. Therefore, the Court should grant the NH DHHS's motion to intervene as a matter of right.

## II. Alternatively, the NH DHHS should be permitted to intervene under Fed. R. Civ. P. 24(b)(2).

Under Federal Rule of Civil Procedure 24(b)(2), "[o]n timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on: (A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order." Courts have interpreted Rule 24(b)(2)'s reference to "governmental officer[s] or agenc[ies]" to permit federal or state governments to intervene under Rule 24(b)(2). *See, e.g.*, *Huff v. Comm'r*, 743 F.3d 790, 794 (11th Cir. 2014); *Coffey v. Comm'r*, 663 F.3d 947 (8th Cir. 2011); *Appleton v. Comm'r*, 430 F. App'x 135 (3d Cir. 2011).

In determining whether to allow intervention under this rule, the Court considers "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). As noted above, this motion is timely and granting it will not

prejudice the parties, given that nothing has taken place in this case beyond the filing of the action. The NH DHHS will adhere to the present briefing schedule. Additionally, this action challenges New Hampshire's Section 1115 Medicaid Demonstration Waiver, which was "issued or made under [a] statute," the Medicaid Act, that the NH DHHS helps administer in New Hampshire, consistent with the New Hampshire State Medicaid Plan and state law. Accordingly, this Court should permit the NH DHHS to intervene under Fed. R. Civ. P. 24(b)(2).

### III. The NH DHHS requests relief from Federal Rule of Civil Procedure 24(c) at this time; It will file a timely Answer in accordance with the parties' agreed-upon schedule.

Under the Federal Rules of Civil Procedure, and this Court's Local Rules, a motion to intervene must state the grounds for intervention and "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c); LCvR 7(j). With regard to the inclusion of a pleading, this Court has stated that it "may permit a degree of flexibility with technical requirements when the position of the movant is apparent from other filings." *Ying Qing Lu v. Lezell*, 11-1815, 2012 WL 1929904, at *1 (D.D.C. May 29, 2012); *see also Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1236 n.19 (D.C. Cir. 2004) (regarding non-inclusion of a pleading under Rule 24(c), stating that the Court "find[s] no reason to bar intervention based solely upon this technical defect, if defect it be").

The NH DHHS seeks to intervene as a defendant in this matter. The parties to this case have agreed to structure it in such a way as to delay the filing of any Answer until after the motions identified in the April 16, 2019 briefing schedule order have been resolved. The NH DHHS intends to abide by the same briefing schedule as the existing parties and agrees to be bound by the same arrangement to file an Answer after the motions set for briefing have been fully resolved. Additionally, the NH DHHS's position and interest in the litigation is evident from the complaint, this motion and incorporated memorandum, and similar lawsuits brought to

enjoin similar programs in other states. *See Gresham v. Azar*, No. 1:18-CV-01900JEB; *Stewart v. Azar*, No. 1:18-CV-152JEB; *see also Hughes v. Abell*, 09-220, 2014 WL 12787807, at *7 (D.D.C. Feb. 10, 2014) ("[B]ecause the requirement is designed to help determine whether the movant has a claim or defense that shares a common question of fact, courts have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for a motion.") (quotation omitted).  Thus, at this stage in the proceedings, the purpose of Rule 24(c) has been satisfied, *Ying Qing Lu*, 2012 WL 1929904, at *1, and, if the NH DHHS is permitted to intervene, it will file an Answer when the parties and the court expect such a pleading to be filed.

Finally, this case has only recently begun, and there will be no delay in the proceeding and no prejudice to any party by allowing the NH DHHS to intervene and answer the complaint on the same schedule and under the same circumstances as the federal defendants.  *Cf. Providence Baptist Church v. Hillandale Committee, Ltd.*, 425 F.3d 309, 314-15 (6th Cir. 2005) (noting that some circuit courts have permitted strict enforcement of Rule 24(c) where there is some prejudice to the parties).  Therefore, the NH DHHS asks that this Court to excuse it from submitting an answer with its intervention motion and ordering instead that the NH DHHS shall abide by the same briefing schedule and timeframe for filing an answer as the federal defendants in this matter.

## Conclusion

For the reasons above, this Court should grant the NH DHHS's unopposed motion to intervene as a defendant.

Respectfully submitted,

NEW HAMPSHIRE DEPARTMENT OF
HEALTH AND HUMAN SERVICES

By its attorney,

GORDON J. MACDONALD
ATTORNEY GENERAL

Dated: April 25, 2019            /s/ Anthony J. Galdieri
Anthony J. Galdieri, NH Bar #18594
Senior Assistant Attorney General
Lindsey B. Courtney, NH Bar #20671
*Government Certification form Pending*
Attorney
Civil Bureau
33 Capitol Street
Concord, NH  03301-6397
(603) 271-3650
anthony.galdieri@doj.nh.gov
lindsey.courtney@doj.nh.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent by ECF on April 25, 2019 to counsel of record.

/s/ Anthony J. Galdieri
Anthony J. Galdieri