IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**SAMUEL PHILBRICK, et al.,**

    Plaintiffs,

v.

**ALEX M. AZAR II, et al.**

    Defendants.

Civil Action No. 1:19-cv-00773 (JEB)

### THE FEDERAL DEFENDANTS' UNOPPOSED MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

The federal defendants Alex M. Azar, et al., hereby move under Federal Rule of Civil Procedure 54(b) for entry of final judgment in this case. In support of this motion, the federal defendants state as follows:

1. On July 29, 2019, the Court (1) granted plaintiffs' motion for summary judgment, (2) denied defendants' cross-motions for summary judgment, (3) vacated and remanded the Secretary of Health and Human Services' approval of the Granite Advantage Section 1115 project, and (4) ordered the parties to appear for a status hearing on August 28, 2019. Order, ECF No. 46.

2. The order was accompanied by a memorandum opinion, in which the Court adjudicated plaintiffs' arbitrary-and-capricious challenge to the Granite Advantage Section 1115 project, which is a portion of Count II of plaintiffs' three-count Complaint. Mem. Op. at 33, ECF No. 47 ("Plaintiffs have standing to challenge and have successfully challenged the Secretary's November 30, 2018, approval of the amendments to Granite Advantage."). The Court did not address plaintiffs' alternative bases for vacating the project, such as their separate statutory

authority, APA notice-and-comment, and constitutional arguments. Nor did the Court dismiss or otherwise grant judgment on the rest of plaintiffs' claims.

3. Generally, "any order or decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims." Fed. R. Civ. P. 54(b). Rule 54(b), however, allows this Court to "direct the entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay." *Id.* To do so, the court must first determine that its ruling constituted a final judgment. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (citation omitted). Second, the court must determine whether there is any just reason for delay. "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in setting[s] such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Id.* at 8. "The purpose of Rule 54(b) is to 'mediate between the sometimes antagonistic goals of avoiding piecemeal appeals and giving parties timely justice.'" *Chaplaincy of Full Gospel Churches v. England*, 221 F.R.D. 255, 257–58 (D.D.C. 2004) (internal alterations omitted) (quoting *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 760 (D.C. Cir. 1997)).

4. Here, this Court's July 29, 2019, order is a final judgment because the order was an ultimate disposition (summary judgment) as to one of plaintiffs' cognizable claims for relief (the allegations in Count II of plaintiffs' Complaint for Declaratory and Injunctive Relief that the Secretary's approval of the Granite Advantage Section 1115 project violated the Administrative Procedure Act (APA) because it "was arbitrary and capricious"). Compl. ¶ 199, ECF No. 1; *Am. Forest Res. Council v. Ashe*, 301 F.R.D. 14, 18 (D.D.C. 2014) (recognizing that

there is "no question" that the court's order granting summary judgment was "intended to be final" as to certain claims because "[n]othing remains to be decided" on those claims).

5. There are also no just reasons to delay entering final judgment as to this claim. By entering final judgment, this Court would allow defendants to seek appellate review of the Court's decision without waiting for any further proceedings in this case.[1] Allowing this Court's decision on Count II to proceed to any appellate review is the course of action most likely to preserve judicial and party resources, to timely obtain an ultimate adjudication of this claim, and to avoid potentially unnecessary adjudication of other statutory and constitutional questions.

6. Therefore, the circumstances justify the entry of a Rule 54(b) final judgment on the arbitrary-and-capricious claim in Count II of plaintiffs' Complaint.

7. The federal defendants conferred with all parties before filing this request. Plaintiffs take no position on the motion. Intervenor-defendant the State of New Hampshire consents to the motion.

8. The federal defendants request that the Court: (a) enter final judgment on Count II of the plaintiffs' Complaint; (b) stay consideration of the other counts of the Complaint pending any appeal by defendants of the court's ruling on Count II; (c) stay the timeframe for plaintiffs to request attorneys' fees under Fed. R. Civ. P. Rule 54(d)(2) pending any appeal by defendants of the court's ruling on Count II; and (d) order the parties to update the court within 14 days of the appeal deadline if no appeal is filed or, if an appeal is filed, within 14 days of the mandate

---

[1] While the Court has remanded this matter, the Secretary does not intend to take further action regarding the Granite Advantage application unless and until any appellate review in this or the related cases *Stewart v. Azar* and *Gresham v. Azar* has concluded.  Further, the federal defendants intend to move in the D.C. Circuit to hold any appeal in this case in abeyance pending the related appeals in *Stewart v. Azar* and *Gresham v. Azar*.

issuing from the appeal.

Dated: August 27, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE BENNETT
Assistant Branch Director,
Federal Programs Branch

/s/   *Vinita B. Andrapalliyal*
VINITA ANDRAPALLIYAL
MATTHEW SKURNIK
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Benjamin Franklin Station
Washington, D.C. 20044
(202) 305-0845 (telephone)
Vinita.b.andrapalliyal@usdoj.gov

*Counsel for the Federal Defendants*